UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **KENNETH MICHAEL PACIOREK,**<br><br>　　　　　　　　　　**Plaintiff,**<br>v.<br><br>**LEHI CITY, LEHI POLICE DEPARTMENT, MARK JOHNSON, GARRETT HORSLEY, FNU PAGE, and CRAIG CHAMBERS,**<br><br>　　　　　　　　　　**Defendants.** | **RULING AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00905<br><br>District Court Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

On December 15, 2023, the Court granted Plaintiff Kenneth Michael Paciorek's ("Plaintiff" or "Paciorek") motion for leave to proceed in forma pauperis and Plaintiff's complaint against Defendants Lehi City, Lehi Police Department, Mark Johnson, Garrett Horsley, FNU Page and Criag Chambers (collectively "Defendants") was placed on the Court's docket.[1]

Because Paciorek proceeds in forma pauperis, the Court reviews the sufficiency of the pleading under the authority of 28 U.S.C. § 1915.[2] For the reasons set forth herein the Court finds the complaint deficient, but allows Plaintiff to file an amended complaint to correct these deficiencies by **February 23, 2024.**

---

[1] ECF No. 4, Order Granting Leave to Proceed In Forma Pauperis; ECF No. 5, Complaint.

[2] 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

**1.      Screening Under 28 U.S.C. § 1915**

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5]

---

[3] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[4] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (*citing Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[5] *Id.*

When determining whether to dismiss a case under §1915, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[6] Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[7]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[8] The Court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[9] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that explains "what each defendant did to

---

[6] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1914(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[7] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief," has been incorporated into both the 9(b) and 12(b)(6) inquiries").

[8] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[9] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570)).

[11] *Id.*

[Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[12]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[13] and further provides that "[e]ach allegation must be simple, concise, and direct."[14]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[15] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[16]  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[17]

### 2. Pro Se Litigants

As a pro se litigant, the Court construes Plaintiff's complaint liberally and holds Plaintiff's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[18] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading

---

[12] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'")).

[13] Fed. R. Civ. P. 8(a)(2).

[14] Fed. R. Civ. P. 8(d)(1).

[15] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

[16] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[17] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[18] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4

requirements or from stating a claim for which relief may be granted.[19] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[20] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[21] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[22]

## DISCUSSION

### Plaintiff's Complaint Fails to Comply With the Minimum Pleading Requirements of Rule 8 and Therefore Fails to State Claims Upon Which Relief Can Be Granted.

Even giving Paciorek's pleading liberal construction, the complaint fails to state claims upon which relief can be granted because it does not satisfy the minimum pleading standards set forth under Rule 8.

Plaintiff's pleading lacks any factual allegations and the limited statements made are conclusory in nature. The Court is not required to accept conclusory allegations as true.[23] Further, because Plaintiff does not provide factual content he fails to explain his relationship with Defendants or the context in which the relevant events, giving rise to his causes of action,

---

[19] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[20] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[21] *Hall*, 935 F.2d at 1110.

[22] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

[23] *Iqbal*, 556 U.S. at 678; *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("we will disregard conclusory statement and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.").

occurred. Absent this information, Plaintiff is unable to satisfy another requirement of Rule 8--providing fair notice to Defendants of the basis for the claims raised.[24]

Nevertheless, because "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile" to provide an opportunity to amend, the court allows Plaintiff an opportunity to amend his pleading.[25]

## AMENDMENT

Plaintiff should consider these general points before filing his Amended Complaint:

1. The Amended Complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. Any claims which are not realleged in the Amended Complaint will be deemed abandoned.[26]

2. The Amended Complaint must clearly state what each Defendant did to violate Plaintiff's civil rights.[27] Plaintiff should include, as much as possible, specific dates when alleged constitutional violations occurred.

---

[24] *Twombly,* 550 U.S. at 555; *Monument Builders of Greater Kansas City v. American Cemetery Ass'n.,* 891 F.2d at 1480 (internal quotation and citation omitted) ("The purpose of a modern complaint is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.").

[25] *Kay,* 500 F.3d at 1217 (internal quotation marks omitted).

[26] *See Pierce v. Williams*, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect")); *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supersedes original complaint).

[27] *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation of each named defendant required to state a civil rights claim).

3.      Each cause of action, together with the facts and citations that support the cause of action, should be stated separately.

## ORDER

Consistent therewith, the Court now ORDERS as follows:

1.      Plaintiff may file an amended complaint by **February 23, 2024.** The words "Amended Complaint" must appear in the caption of the document.

2.      Once filed, the Court will screen the Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4.      Other than an Amended Complaint, the restriction on filing motions or other documents set forth in the Court's December 15, 2023 Order[28] remains in place.

5.      Failure to file a timely Amended Complaint may result in a recommendation of dismissal of this action to the District Court.

DATED this 7 February 2024.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

---

[28] ECF No. 4, Order Granting Motion for Leave to Proceed In Forma Pauperis.